[No. 40940. Department One. June 26, 1969.]

*In the Matter of the Welfare of* BRENT IAN MCDONALD, *a Minor.*
BRENT IAN MCDONALD, *Petitioner* v. THE STATE OF WASHINGTON,
*Respondent.**

*Bill Lanning* and *Phil Mahoney,* for petitioner.

*Nathan G. Richardson* and *S. Brooke Taylor,* for respondent.

PER CURIAM.—Petitioner, Brent Ian McDonald, who became 18 years of age April 22, 1969, seeks appellate review by a writ of certiorari of two orders entered by the Juvenile Court of Clallam County.

No useful purpose would be served by delineating petitioner's transgressions, which led to his commitment. A short chronology will suffice.

After a hearing December 27, 1967, an order was entered January 11, 1968, determining petitioner to be a delinquent child. He was made a ward of the court and committed to the custody of the Department of Institutions. The commitment was, however, suspended upon certain express conditions. Among the conditions—petitioner was to attend school elsewhere than Port Angeles; he was to keep the court advised of his whereabouts; he was not to drive an automobile.

The record supports the conclusion that petitioner failed to fulfill the conditions of the suspended commitment. March 24, 1969, another hearing was held to review petitioner's record and conduct since entry of the suspended commitment order. The court reaffirmed the wardship previously established and revoked the suspension by order of March 31, 1969.

Our review of the record discloses that the action of the trial judge was justified, indeed, inevitable considering petitioner's conduct and all the facts and circumstances. The trial judge went to great lengths to attempt to assist petitioner to adjust his life. These measures were essentially ignored by petitioner although his conduct was not without some merit.

He left Port Angeles, although he did not report his whereabouts. He lived in a trailer beside the residence of his uncle. He secured employment. He entered Quinault High School at Amanda Park in Grays Harbor County, Washington. His conduct during this period was above criticism.

April 4, 1969, after petitioner's whereabouts had been discovered, we issued a writ of certiorari to review this case and ordered a stay of confinement until June 2, 1969. Petitioner was placed under the control of his uncle and his counsel to allow him to be graduated from high school. When the stay expired June 2, 1969, petitioner surrendered

*Reported in 456 P.2d 365.

himself to the custody of Cascadia Reception and Diagnostic Center under the direction of the Department of Institutions.

Petitioner complied with the conditions of our order. He has been graduated from high school; he received good grades; his conduct was above criticism; he was recommended for a scholarship at Grays Harbor Community College. He is presently enrolled at the college for the term beginning September, 1969. He needs only to pay his fees and take a physical examination to complete his matriculation. He has evidenced an ability to live without further difficulty with the authorities. This ability, however, must be further established.

We, therefore, affirm the order of March 31, 1969, modified as follows:

(1) Petitioner is to remain under the direction of the Department of Institutions and is to be released from Cascadia Reception and Diagnostic Center no later than 2 weeks prior to the beginning of classes at Grays Harbor Community College; provided (a) that he has timely completed his matriculation at the college, and (b) the authorities at the Diagnostic Center recommend that he needs no further treatment at that time.

(2) Since Grays Harbor Community College is at Aberdeen, jurisdiction of this cause, upon release of petitioner, is transferred from Clallam County to the Superior Court for Grays Harbor County. Petitioner shall be subject to the joint supervision of the Department of Institutions and the Grays Harbor juvenile probation officer to whom petitioner shall report upon his release, as shall be required.

In the event the authorities of the Diagnostic Center recommend that petitioner needs further treatment or petitioner does not complete his entrance to the community college, the order of March 31, 1969 stands without modification.

The clerk of this court shall send down the remittitur in this cause forthwith.

It is so ordered.